IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-77,822-08, WR-77,822-09, WR-77,822-10, WR-77,822-11, WR-77,822-12, WR-77,822-13, WR-77,822-14, WR-77,822-15, WR-77,822-16, WR-77,822-17, WR-77,822-18,
WR-77,822-19, WR-77,822-20, WR-77,822-21, WR-77,822-22




EX PARTE DALE ROY SLAVEN, Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 1178932D, 1179729D, 1179773D, 1179775D, 1180003D, 1180828D, 1180830D,
1180831D, 1180832D, 1180835D, 1180839D, 1180843D, 1181417D, 1183392D, 1183501D
IN THE CRIMINAL DISTRICT COURT #2
FROM TARRANT COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these application for writs of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered open pleas of guilty to
eight charges of aggravated robbery, six counts of robbery and one count of forgery, all enhanced
by prior sequential felony convictions. He was sentenced to sixty years’ imprisonment for each of
the aggravated robbery and robbery charges, and twenty years’ imprisonment for the forgery charge,
all running concurrently with each other but consecutively with Applicant’s prior sentences for
which he was apparently out on parole when he committed these offenses. The Second Court of
Appeals affirmed his convictions. Slaven v. State, Nos. 02-10-00413-CR through 02-10-00427-CR
(Tex. App. – Fort Worth, May 31, 2012, pet ref’d).
            Applicant contends, among other things,


 that his guilty pleas were not knowingly and
voluntarily entered, because he entered the open pleas on the erroneous advice of trial counsel. 
Applicant alleges that trial counsel advised him to reject the State’s forty-year plea offer and enter
an open plea to the trial court, telling him that he would receive the minimum sentence(s). Applicant
alleges that trial counsel mis-advised him regarding his parole eligibility, and failed to advise him
of the consequences of the affirmative deadly weapon allegations and the enhancement allegations. 
Applicant alleges that trial counsel failed to communicate with him or keep him apprised of the
status of the case prior to trial.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. It appears that
Applicant’s trial attorney was disbarred shortly after his representation of Applicant in these cases. 
Therefore, it may not be possible for the trial court to obtain an affidavit from trial counsel
responding to Applicant’s allegations. However, if possible, the trial court shall order trial counsel
to respond to Applicant’s claims of ineffective assistance of counsel. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall first supplement the habeas record with a copy of the plea and sentencing
transcripts, and any pre-trial motions or other pleadings filed in these cases. The trial court shall
make findings of fact and conclusions of law as to whether the performance of Applicant’s trial
counsel was deficient and, if so, whether counsel’s deficient performance prejudiced Applicant. 
The trial court shall make findings as to whether Applicant’s open pleas were knowingly and
voluntarily entered. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant’s claim for habeas corpus
relief.
            These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed: November 27, 2013
Do not publish